(109 So. 484)

No. 27577.

## VAN HORN et al. v. CITY OF NEW ORLEANS.

(May 31, 1926. Rehearing Denied June 28, 1926.)

*(Syllabus by Editorial Staff.)*

**Municipal corporations ☞601.**

· Property used for commercial purposes, but unoccupied at time of purchase, *held* to come under zoning ordinance, and could not thereafter be used for business purposes not permitted at time of purchase.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit by M. Dreux Van Horn and another against the City of New Orleans. From a judgment of dismissal, plaintiff named and the city appeal. Affirmed.

John C. Davey and N. H. Polmer, both of New Orleans, for plaintiffs.

T. Semmes Walmsley, City Atty., and Bertrand I. Cahn, Asst. City Atty., both of New Orleans, for defendant.

THOMPSON, J. The question presented for decision in this case is whether certain property situated within the zoned area of this city, and which had for many years been used and occupied for commercial purposes, had lost its identity as such and fell under the ban of the zoning ordinances when it was purchased by the plaintiff Van Horn.

The property is located at the corner of Maple street and South Carrollton avenue, and is designated by the municipal number 801 South Carrollton avenue. The property was purchased by the plaintiff Van Horn on May 2, 1923, for the purpose, as alleged by him, of maintaining and leasing the same for commercial and business purposes.

After his purchase the plaintiff applied to the building department of the city engineer's office for a permit to repair the said property for commercial purposes. A permit was issued on July 12, 1923, authorizing alterations and repairs to be made on the building for the purpose of being thereafter used as a drug store, such a business being permitted in said area at that time.

It is alleged by the plaintiff that after the repairs were made he occupied the building as a real estate and insurance office, and on March 23, 1925, leased a part of said building to his coplaintiff, Miss Weems, for use as a tearoom, restaurant, delicatessen, and confectionery.

On May 22, 1925, the superintendent of police informed the lessee, Miss Weems, that her place of business would have to be closed, otherwise she would be arrested for conducting a business prohibited by the zoning ordinances.

Thereupon the owner and his lessee applied for an injunction restraining the city and its officers from interfering with or attempting to close up the building or to stop the business therein conducted.

On a hearing the injunction was denied, the plaintiffs' suit dismissed, and Van Horn appeals.

The plaintiff makes no attack upon the zoning ordinances of the city which were in effect at the time and prior to his acquisition of the property.

His sole contention is that, the property

having been used as a business property for upwards of 24 years and so regarded at the time the zoning ordinances were adopted, the said property continued to retain that classification and character as distinguished from residential property, and was exempt from the effect of the zoning ordinances.

The evidence is conclusive that at the time the plaintiff acquired the property it was not actually occupied by any one, and there was no kind of business being carried on in the building.

The last business for which the property had been used was a garage and repair shop, but this business had ceased at the time of plaintiff's purchase.

The property was in a dilapidated condition and badly in need of repairs. In fact, according to the testimony of a number of witnesses, the property had virtually been abandoned for business purposes, and the doors and windows had been closed or barred to keep people out.

After his purchase the plaintiff went to considerable expense in repairing the building to make it fit for use, as he says, by beautifying it so that it would be attractive to prospective renters or purchasers to be used for business purposes.

After these repairs he opened up an office in the building as real estate and insurance agent, and leased a part to Miss Weems for the purpose already stated.

Had the plaintiff opened up a garage in the property, or any other business which was not then prohibited by the zoning ordinances, his contention that the property had not lost its business identity would have had great force, for at that time the ordinances did not provide a vacancy limit after which the property should come under the prohibition of the zoning ordinances and lose its character of business property.

But he did not elect to continue the garage business nor any other business that was at that time permitted in the residential district. He did, however, as already stated obtain a permit to alter and repair the building to be used as a drug store, a business at that time permitted, but he had no intention of conducting such a business, and did not in fact do so, personally or through a lessee.

If the plaintiffs' theory were adopted, then the enforcement of the zoning policy would be rendered practically impossible. A property recognized as commercial prior to or at the time a zoning ordinance is adopted would continue to remain such so long as the owner kept it under lease for commercial purposes, and despite the fact that the business conducted at the time the zoning ordinance took effect had been abandoned, and despite the fact that the property ceases to be actually occupied and used for commercial purposes.

The proposition cannot be sustained either in law or reason.

Our conclusion is that the property in question at the time the plaintiff purchased it came under the prohibitions of the zoning ordinances, and could not thereafter be used for any business purpose not permitted at the time of such acquisition. The injunction was therefore properly refused, and the plaintiffs' suit rightfully dismissed.

The city has also appealed, and asks for a writ of injunction against the plaintiffs. This is unnecessary, since such an injunction would be no more effectual than the rejection of the plaintiffs' demand.

The judgment appealed from is affirmed.